8008

Mrs. Minnie Sharp,
Wife of James A. Cardinas-

    -versus-

Cornelius R. Buchanan, Sr.

No. 8008.

  - Court of Appeal

  - Parish of Orleans.

-----

-Dinkelspiel. J.

8008

Dinkelspiel. J.

This suit is based on two rent notes each for the sum of $150.00. for rent of premises No. 843 St. Charles Street, for the months of November and December 1919; said notes were execu - ted by plaintiff, and under an act of lease filed in this cause together with the notes in question, it was agreed that the lessee after paying the notes should collect same from defen- dant who had rented the premises in question, and had bought the furniture and other things in the premises for the purposes stated in the act of sale, also filed in this proceeding. The petition prayed for the amount of said notes and for a writ of provisional seizure in accordance with law. The writ was duly issued and served, and part of the property in the premises mentioned was seized by the Sheriff of the Parish of Orleans.

The defendant first prayed for oyer, and that being furnished under order of Court, subsequently filed an exception of no couse or right of action, which in due course was overrruled. Subsequently defendant filed his answer to the merits, admitting the execution of the notes for thea amount stated by plaintiff, and the assumption by defendant of payment, who acknowledged paxment posession of the premises without payment , for reasons, that defendant had assumed these notes ; because the act of April 11th. 1919, was null and void, for fraud and misrepresentation practiced upon him prior to and at the time of signing of said act, as a result of which he was laboring under error when he executed said act, and from the brief of defendant we quote special defences enumerated in the aswer, as follows:- 1- Plaintiff knowing defendant wanted to lease the place of not less than thirty rooms, falsely represented to defendant that the owner of the premises, 843 St. Charles Street, was about to construct a building in the rear of the lot which would contain a number of rooms, and which, added to those al- ready there, would made the required number.

2- Plaintiff falsely represented that eight large and expensive mirrors in the house were her property, and would be, and were included in the sale of the property, the furniture, to the defendant.

3- Plaintiff falsely represented to defendant, that she had a right to sub-lease or transfer the property, the lease, of the entire premises to defendant.

4- Plaintiff falsely represented that she had an agreement ~~with~~ with her land lord to lease the addition in the rear,when completed, as long as she might desire to do so, at $100.00. a month, and that she would likewise transfer this lease to defendant.

5- Plaintiff falsely represented to defendant that the lawn on the side of the house was covered by her lease, and this lawn would likewise go in the transfer of lease to defendant.

6- Plaintiff fraudulently concealed from defendant the fact that her lease contained a clause by which her land lord had retained the right to concel the lease upon thirty days notice.

We are convinced that the reconventional demand is not related to the main demand, the main demand is a suit for rent and the reconventional demand is based on a prayer for annulment of an act of sale with reference to furniture and effects on account of fraud.

There is in this record, offered in evidence, a suit pending before Division, 'C', involving the same subject matter as is involved in the reconventional demand herein. The law, in our opinion, is ~~unambiguousxunambiguous~~ unambiguous, and we refer to the authorities, Phelps vs. Stone. 3 1. 617. Pi. vs. Vidal. 5 L. 303.

A demand cannot be considered as reconventional when both parties reside within the jurisdiction of the Court, and the two claims are disconnected, and when no judgment in reconven- -tion is prayed for. Weill vs. Bernard. 4 C. A. 63.

Where the litigents reside in the same Parish, reconvention cannot be pleaded, unless the incidental demand is necessarily connected with the main one. Gardner Cooperage Co. vs. Gilbert Hattier Co. 9 C. A. 18.

523

Where a defendant, mulcted for costs in a suit against him by a contiguous owner for injury to the latters party wall and building, in which suit defendant's building contractors were called in and discharged from warranty, said defendant, when subsequently sued by these contractors for work done and completed, cannot set up in reconvention the costs by him incurred in said former suit. Carey vs. Pratt. 1. C. A. 198. D'Armond vs. Pullen. 13. L. 138. Harris vs. Railroad Co. 16. L. 140.

For the reasons assigned, it is ordered adjudged and decreed that the judgment of the lower Court, dismissing as of non suit plaintiff claim for judgment for rent for $300., together with 8% ix and 10% Attorneys fees with lessors lien and privelege on property seized be reversed; and, it is now, ordered that plaintiff have judgment for the full amount of her claim against defendant, to-wit; $300. with 8% interest from judicial demand, and 10% Attorneys fees, with lessors lien and privelege on property seized. and it is further ordered, that the judgment of non-suit on the reconventional demand be, and the same is hereby affirmed. The costs to be borne equally by plaintiff and defendant.

—Judgment affirmed in part and reversed in part—